UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DEXTER WILTON LONG, | Case No. 3:22-cv-01411-MO |
| Petitioner, | OPINION & ORDER |
| v. | |
| DEWAYNE HENDRIX, | |
| Respondent. | |

### INTRODUCTION

Petitioner Dexter Wilton Long ("Petitioner") brings this federal habeas corpus case pursuant to 28 U.S.C. § 2241. Petitioner challenges the Respondent's denial of his request to be considered for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *See generally*, Pet. (ECF No. 1). For the reasons that follow, the Petition is dismissed.

### DISCUSSION

Petitioner is currently serving a federal sentence at the Federal Correctional Institution at Sheridan, Oregon ("FCI Sheridan"). In 2022, Petitioner requested to be considered for home confinement under the CARES Act. Ex. A (ECF No. 1-1). Respondent denied the request due to

1   - OPINION AND ORDER

Petitioner's criminal history, specifically, his "history of assault, minor escape and multiple convictions for domestic threatening." *Id*. Petitioner challenges the basis for the denial and alleges that the criminal history Respondent relied upon is inaccurate. Pet. at 6-8. He states that he was convicted of a "single simple assault" and the other charges were dismissed. *Id*. at 7; *see also* Ex. B, C; Pet. Mem. in Supp. (ECF No. 4).

Petitioner argues that he meets the criteria for home confinement under the CARES Act and challenges Respondent's decision finding him ineligible. Pet. at 6-8. He claims the BOP is also violating its own policy that "all inmates will be reviewed for placement on ho[m]e confinement" by refusing to reconsider and review his eligibility for home confinement. Reply at 1. Petitioner asks this Court for an order requiring Respondent: (1) to reconsider his eligibility for home confinement pursuant to the CARES Act; and (2) to regularly drug test him pursuant to a consent order issued by the Chief Administrative Law Judge for the United States Coast Guard. Pet. at 6-9; Ex. D; Reply at 1 (ECF No. 10). Respondent asks the Court to dismiss the Petition for lack of subject matter jurisdiction because Petitioner fails to state a cognizable habeas corpus claim. In the alternative, Respondent asks the Court to dismiss the Petition for lack of exhaustion. *See* Resp. to Pet. (ECF No. 8).

Under 28 U.S.C. § 2241, a district court may grant habeas relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3). However, "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). Although habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the petitioner's release, habeas jurisdiction is absent where a successful challenge to a prison condition would not necessarily

shorten the petitioner's sentence. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003), *cert. denied*, 541 U.S. 1063 (2004).

Here, Petitioner is not challenging the legality or duration of his confinement. Instead, he is challenging Respondent's determination that he is ineligible for placement in home confinement under the CARES Act and Respondent's alleged refusal to provide regular drug testing. Because Petitioner raises no challenge to the legality or duration of his confinement, and since granting him the relief he seeks would not necessarily shorten his sentence, the Court lacks jurisdiction to consider Petitioner's claims.[1] *Crawford*, 599 F.2d at 891; *Ramirez*, 334 F.3d at 859. Accordingly, the Petition is dismissed in its entirety.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

3/8/23
DATE

Michael W. Mosman
United States District Judge

---

[1] The Court also lacks jurisdiction over Petitioner's claim that he be considered for home confinement under the CARES Act because the BOP is vested with the sole authority to designate the location of Petitioner's imprisonment. *See* 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment."); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("The [BOP] has the statutory authority to choose the locations where prisoners serve their sentence."). While the CARES Act expanded the BOP's discretionary authority for placement in home confinement, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 516 (March 27, 2020), it does not mandate consideration for home confinement, and the decision to transfer an inmate to home confinement remains within the discretion of the BOP. *United States v. Oscar*, Case No. 6:19-cr-00021-AA, 2021 WL 864948 at *3 (D. Or. Mar. 8, 2021) ("The decision whether to exercise this authority in a particular case and release a [prisoner] to home confinement lies entirely with BOP; the court lacks the power to order that a prisoner be released to home confinement, even under the CARES Act.")